OPINION
Larry E. Ealy, a pro se litigant in the trial court and in this court, appeals from the dismissal of his complaint, filed June 9, 1999, against numerous defendants.
In due course, all of the defendants, represented by one of five attorneys who appeared in the case, filed motions to dismiss or, on behalf of defendant, William Cole, M.D., a motion for judgment on the pleadings. Common to all of these motions was an assertion that Ealy's claims were barred by the applicable statute of limitations. The trial court eventually dismissed the complaint with prejudice, concluding that all claims were time barred. Prior to the dismissal of the complaint, Ealy filed a premature order of appeal which we amended to include the order of dismissal. See our decision and entry of November 30, 1999.
On appeal, Ealy advances the following assignment of error:
 THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO ERRED WHEN IT DID NOT CONSIDER APPELLANT'S "MOTION FOR JUDGMENT ON THE PLEADING OF DEFENDANT WILLIAM D. COLE, M.D. ET AL FILED WITH THAT COURT ON JULY 26, 1999 AS WELL AS THE RECORD AS A WHOLE RELATIVE TO PLEADINGS FILED IN THAT COURT BY APPELLANT THAT ISSUES RAISED WAS/IS A CONTINUUM.
Surprisingly, only Defendants Richard Coalson, M.D. and Roger Pacholka, M.D. have responded to Ealy's brief.
Ealy's complaint asserted a variety of claims against over 30 defendants. As noted above, the trial court determined that all of these claims were barred by the applicable statute of limitations.
All of the defendants' motions were directed to Ealy's complaint and whether, on the face of that complaint, the claims were time barred. The issue on appeal is whether the complaint was dispositive of whether all of the claims were time barred.
Ealy's appellate argument consists of referring us to the argument contained in his "Plaintiff Response to Motion for Judgment on the Pleadings of Defendant William A. Cole, M.D.", filed July 26, 1999 in the trial court. In the "response", Ealy did not contend that defendants had advanced incorrect periods of limitations, or that they would not bar his claims if applied to the dates asserted in his complaint. Rather, he contended that these defendants, acting in concert, continued to the present to cause him harm, making these periods of limitation inapplicable. Ealy pointed to three sentences in his 61 numbered paragraphs as asserting an ongoing course of actionable conduct:
 1. Over the years the City of Dayton and it's said police officers, and prospectors and probation officers have harassed, intimidated and falsely arrested Plaintiff.
 42. Plaintiff Larry E. Ealy has been damaged by all of the above Defendants severally and individually, due to Defendants causing him economical, physical, psychological suffering and defamation of character, and they still are as of this day/date of filing this action.
 60. This callous disregard for the Plaintiff's welfare and his need for life, liberty and pursuit of happiness against assault, retaliation, intimidation, false arrest, negligence and denial of due process and equal protection under the rule of law has caused and still causing Plaintiff great emotional distress, pain and suffering, economical and monetary loss, as well as defamation of character.
Civ.R. 8(A) requires that plaintiff set forth "a short and plain statement of the claim showing that (he) is entitled to relief."
The facts that Ealy alleged in his complaint were firmly rooted in three events. The first was an altercation involving Ealy and defendant Richard Scott Davis in 1990, the second was a drug charge involving Ealy in 1990, and the third was an auto theft charge against Ealy in 1995. Fairly read, the complaint asserts misbehavior that occurred in connection with these events and around the time of these events. In our judgment, the language relied upon by Ealy was too conclusory to satisfy the pleading requirements of Civ.R. 8(A) or to defeat the operation of the applicable statute of limitations upon the facts alleged.
The assignment of error is overruled.
The judgment will be affirmed.
 ___________________ WOLFF, J.
BROGAN, J., and FAIN, J., concur.